UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES LUDWIG,<br><br>                                    Petitioner,<br><br>v.<br><br>JAMES HILL,<br><br>                                    Respondent. | Case No.:  25cv2435-TWR(LR)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF NO. 4]** |

This Report and Recommendation is submitted to the Honorable Todd W. Robinson, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. On September 16, 2025, Petitioner Kenneth James Ludwig, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing a Petition for Writ of Habeas Corpus ("Petition").  (ECF No. 1.)

Now pending before the Court is Respondent's Motion to Dismiss the Petition ("Motion to Dismiss"), and Petitioner's Opposition to Respondent's Motion to Dismiss ("Opposition").  (ECF Nos. 4, 6.)  For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

**A.    <u>Petitioner's Criminal Conviction and Direct Appeal</u>**

On July 20, 2022, Petitioner pled guilty to one count of continuous sexual conduct with a child under fourteen (in violation of California Penal Code section 288.5(a)) and eight counts of committing a lewd or lascivious act upon a child under fourteen (in violation of California Penal Code section 288(a)).[1] (<u>See</u> Lodgment 8 at 1; Lodgment 12[2] at 1.)  On September 2, 2022, in accordance with the terms of Petitioner's plea agreement, the trial court sentenced him to twenty-two years in state prison.  (<u>See</u> Lodgment 8 at 1; Lodgment 12 at 1–2.)  The trial court also imposed a restitution fine and ordered Petitioner to pay $10,000 in direct victim restitution.  (Lodgment 16 at 1.)

On October 21, 2022, Petitioner's appellate counsel filed a brief in the California Court of Appeal pursuant to <u>People v. Wende</u>, 600 P.2d 1071 (1979) ("<u>Wende</u> brief")[3] and <u>Anders v. California</u>, 386 U.S. 738 (1967).  (Lodgment 11); <u>see also</u> Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id=2411916&doc_no=D081107&request_token=NiIwLSEnPkw6WyBdSCNNWE1IMEQ6UkxbKyJOQzpSQCAgCg%3D%3D&bck=yes.

---

[1]  On July 20, 2022, Petitioner was charged with two counts of violations of California Penal Code section 288.5(a) (Counts 1 and 11), and sixteen counts of violations of California Penal Code section 288(a) (Counts 2 through 10, and 12 through 18). (Lodgment 11 at 5.)  The same day, Petitioner entered a plea agreement pursuant to which he admitted Counts 1, 2, and 12 through 18, and the prosecution agreed to dismiss the balance of the charges.  (<u>Id.</u>)

[2]  The Court notes that Respondent initially provided Lodgments 1–10 as ECF Nos. 5-1–5-10.  After reviewing the lodgments and the parties' briefing with respect to Respondent's Motion to Dismiss, the Court ordered Respondent to file supplemental lodgments.  (ECF No. 7 at 2.)  On May 4, 2026, Respondent supplemented the lodgments with Lodgments 10–20, which are filed as ECF Nos. 8-1–8-10.

[3]  In <u>Wende</u>, the Supreme Court of California "conclude[d] that Anders [v. California, 386 U.S. 738 (1976)] requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous."  <u>People v. Wende</u>, 600 P.2d 1071, 1074 (Cal. 1979); <u>see also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 340 n.1 (9th Cir. 2010) (internal citation omitted) ("A <u>Wende</u> brief is one that an appellate counsel can file when he finds no legitimate issues for appeal.  When an attorney files a <u>Wende</u> brief the court is then obliged to undertake an independent review of the record for valid claims.").

Petitioner, through his appellate counsel, asked the appellate court to conduct an independent review of the record, and identified the following possible issues: (1) "[w]hether the sentence, in consideration of [Petitioner's] age at the time of the offenses and current health circumstances, constitute[d] cruel and unusual punishment in violation of the Eighth Amendment"; (2) "[w]hether the trial court abused its discretion in denying probation despite it being authorized by the plea agreement"; and (3) "[w]hether [Petitioner was] entitled to credits for time spent on electronic monitoring without court-ordered home supervision." (Lodgment 11 at 10; see also Lodgment 12 at 4.) Petitioner also filed a *pro se* supplemental brief, which raised additional issues. (See Lodgment 12 at 6–7.) Specifically, Petitioner alleged that his sentence was unconstitutional and the remainder of his sentence should be suspended under California Penal Code section 1170(a); that he received ineffective assistance of counsel because the statute of limitations had expired on certain of the charges against him to which he pled guilty and because counsel failed to sufficiently inform Petitioner that only his sentence would be appealable if he accepted a plea bargain; that he had the opportunity to present additional facts to the court at sentencing under California Penal Code section 1170(b)(4); and that his Harvey waiver[4] had significant consequences. (See id.) On February 15, 2024, the California Court of Appeal issued an order stating that it reviewed

---

[4] "A Harvey waiver allows a court to consider the facts underlying a dismissed count for purposes of calculating the amount of restitution." Orellana v. Mayorkas, 6 F.4th 1034, 1038 n.2 (9th Cir. 2021) (quoting Cal. Pen. Code § 1192.3(b) ("If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, as described in this section, the court shall obtain a waiver pursuant to People v. Harvey (1979) 25 Cal. 3d 754, 159 Cal.Rptr. 696, 602 P.2d 396 from the defendant as to the dismissed count.")). "In Harvey, the California Supreme Court held that a sentencing court could not consider any of the facts underlying a dismissed count for purposes of enhancing a defendant's sentence 'in the absence of any contrary agreement.'" Orellana, 6 F.4th at 1038 n.2 (quoting Harvey, 602 P.2d at 398).

all briefing, including Petitioner's supplemental brief, "f[ound] no arguable issue that would result in a modification or reversal of the judgment," and affirmed the judgment. (Id. at 2.)

On April 12, 2024, Petitioner filed a petition for review in the California Supreme Court arguing that he received inadequate legal representation because his counsel did not contest his restitution amount, and requested a reduction in his restitution amount. (Lodgment 19 at 3–4.)  On August 14, 2024, the California Supreme Court summarily denied the petition.  (Lodgment 20); see also Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id= 3004596&doc_no=S284599&request_token=NiIwLSEnPkw6WyBBSCM9TE9IIDg0UD xTKyNeUzNRICAgCg%3D%3D&bck=yes.

**B.**  **Petitioner's State Habeas Petitions**

On September 5, 2023, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, in which he challenged the trial court's imposition of the $10,000 restitution fine, and argued that he was deprived of effective assistance of counsel because his trial counsel failed to adequately investigate his inability to pay and failed to object on that basis to the restitution fine at sentencing.  (See Lodgment 13; see also Lodgment 16 at 1.)  On February 15, 2024, the California Court of Appeal denied the petition.  (Lodgment 16.)

On April 15, 2024, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, seeking leave to withdraw his guilty plea, and arguing that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.  (Lodgment 6 at 2; see also ECF No. 8 at 2.)  On May 31, 2024, the court denied his petition.  (Id.)

On June 11, 2024, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, arguing that the California Department of Corrections and Rehabilitation ("CDCR") improperly applied an outdated compassionate release statute (California Penal Code section 1170(e)) when determining whether he qualified for

25cv2435-TWR(LR)

compassionate release, and requested that the superior court order the CDCR to reevaluate him under the current statute (California Penal Code section 1172.2).[5] (Lodgment 4 at 3.)  After the court ordered an informal response, the CDCR filed an informal response stating that Petitioner's petition was moot because although Petitioner was initially evaluated under the outdated compassionate release statute (California Penal Code section 1170(e)), on September 23, 2024, Petitioner was reevaluated and found ineligible for compassionate release under the current statute (California Penal Code section 1172.2).  (Id. at 2.)  On November 12, 2024, the San Diego County Superior Court denied the petition finding that Petitioner did not state a *prima facie* case for relief that he met the criteria for compassionate release under California Penal Code section 1172.2.  (Lodgment 1.)

On July 11, 2024, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, claiming that the prosecution committed misconduct by misrepresenting evidence of his prior sexual abuse against his sisters and relying on prior acts outside the relevant statute of limitations; that due to this prosecutorial misconduct, he was coerced into pleading guilty; that he was impaired by marijuana when he signed the plea agreement; that the trial court improperly sentenced him to prison instead of probation; and that the length of his sentence constituted cruel and unusual punishment.

---

[5]  On January 1, 2023, the compassionate release provision was removed from California Penal Code section 1170(e) and moved to California Penal Code section 1172.2.  California Penal Code section 1172.2 lists criteria for recommending incarcerated persons for compassionate release and contains different criteria than the criteria listed in former California Penal Code section 1170(e).  See Cal. Pen. Code § 1172.2.  Specifically, instead of requiring that the incarcerated person suffer from a terminal illness with an incurable condition that would produce death in twelve months (former California Penal Code section 1170(e)(2)(A)), California Penal Code section 1172.2 now provides that an incarcerated person qualifies if the person "has a serious and advanced illness with an end-of-life trajectory" or is "permanently medically incapacitated."  Id. § 1172.2(b).

25cv2435-TWR(LR)

(Lodgment 17; see also Lodgment 18 at 1–2.)  The California Court of Appeal denied the petition on July 22, 2024.  (Lodgment 18.)

On January 13, 2025, Petitioner filed another petition for writ of habeas corpus in the San Diego County Superior Court, where he argued that the CDCR improperly determined that he did not meet the California Penal Code section 1172.2 eligibility requirements for referral for compassionate release; that he received inadequate medical attention in prison, which amounted to cruel and unusual punishment in violation of his Eighth Amendment rights; and that "the inadequate care and the overall conditions of [his] confinement" violated his equal protection and due process rights under the Fourteenth Amendment.  (Lodgment 5.)  On February 18, 2025, the San Diego County Superior Court denied the petition.  (Lodgment 6.)

On March 12, 2025, Petitioner filed his petition for writ of habeas corpus in the California Court of Appeal, raising the same claims as in his January 13, 2025 habeas corpus petition filed in the San Diego County Superior Court.  (See Lodgment 7; see also Lodgment 6.)  On March 13, 2025, the Court of Appeal denied the petition.  (See Lodgment 8.)  On April 21, 2025, Petitioner raised the same grounds in a petition for writ of habeas corpus filed in the California Supreme Court.  (Lodgment 9; see also Lodgment 10.)  The California Supreme Court summarily denied the petition on August 27, 2025.  (Lodgment 10.)

**C.     Petitioner's Federal Habeas Petition**

On September 16, 2025, Petitioner filed his federal Petition in the United States District Court for the Southern District of California.  (See ECF No. 1)  Petitioner asserts the following claims in the Petition: (1) the CDCR was deliberately indifferent to his serious medical needs in violation of Eighth Amendment; (2) the CDCR improperly determined that he did not meet the California Penal Code section 1172.2 eligibility requirements for referral for compassionate release in violation of his due process and equal protection rights under the Fourteenth Amendment; (3) he exhausted all state remedies and federal court has "[a]uthority to [o]verride [s]tate [d]enial" under

6

25cv2435-TWR(LR)

Supremacy Clause; and (4) the CDCR failed to provide him with adequate medical care. (See id. at 6–11.)

## II.  LEGAL STANDARD

Petitioner's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Early v. Packer, 537 U.S. 3, 7–8 (2002).

Rule 2(c) of the Rules Governing Habeas Corpus Cases requires the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254.  "Habeas corpus petitions must meet heightened pleading requirements[.]"  McFarland v. Scott, 512 U.S. 849, 856 (1994).  "Habeas Corpus Rule 2(c) is more demanding" than "Rule 8(a), applicable to ordinary civil proceedings, [which requires] a complaint [to] provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Advisory Committee's Note on Habeas Corpus Rule 2(c), 28 U.S.C. 469 ("[I]t is the relationship of the facts to the claim asserted that is important . . . .")).  "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Mayle, 545 U.S. at 655 (citation and internal quotation marks omitted).  To satisfy Rule 2(c) requirements, a

petitioner "must state specific, particularized facts" for each ground specified, and "[t]hese facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990); see also Torres v. Covello, Case No.: 25cv1048-LL-LR, 2025 WL 1617183, at *1 (S.D. Cal. June 6, 2025) (citing Adams, 897 F.2d at 334). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

A petition from a *pro se* litigant is held to "less stringent standards" than a petition drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* litigants in habeas cases are required to "follow the same rules of procedure that govern other litigants." Barnett v. Duffey, 621 F. App'x 496, 497 (9th Cir. 2015) (citation omitted).

### III. DISCUSSION

#### A. Parties' Arguments

Respondent moves to dismiss all claims in the Petition. (ECF No. 4-1 at 6, 8–15.) First, Respondent asserts that Petitioner's claim challenging the CDCR's decision not to refer him for compassionate release under state law does not present a federal question. (Id. at 6, 8–10.) Second, Respondent argues that none of Petitioner's claims lie at the core of federal habeas corpus because success on those claims will not necessarily result in Petitioner's early release. (Id. at 6, 10–13.) Third, Respondent contends that even if federal habeas jurisdiction existed, Petitioner's claims are impermissibly vague and conclusory in violation of Rule 2(c) of the Rules Governing Habeas Corpus Cases. (Id. at 6, 13–15.)

Petitioner alleges in his Opposition that his Petition is grounded in federal law because "under the Supremacy Clause of the United States Constitution . . . federal law is the supreme law of the land and preempts conflicting state provisions," and "federal law and federal precedent must take precedence over

25cv2435-TWR(LR)

California Penal Code §§ 1172.2(b)(1) and (b)(2)." (ECF No. 6 at 1.)  He also asserts that "eligibility for compassionate release is determined by extraordinary and compelling circumstances, subject only to the Court's assessment of whether the petitioner poses danger of committing a 'super strike' offense." (Id.)  Petitioner concludes that dismissal is not warranted because his Petition presents a federal question under 18 U.S.C. § 3582(c)(1)(A), establishes extraordinary and compelling medical circumstances, and demonstrates that he does not pose a danger to the community. (Id. at 2.)

**B.    Ground Two[6]**

In Ground Two, Petitioner alleges that the CDCR improperly determined that he did not meet the California Penal Code section 1172.2 eligibility requirements for referral for compassionate release, in violation of his due process and equal protection rights under the Fourteenth Amendment. (ECF No. 1 at 8.)  In a two-sentence statement of supporting facts, Petitioner alleges that he "was denied compassionate release without meaningful consideration of his medical vulnerability," and that "[t]his denial violated due process and equal protection under the Fourteenth Amendment, especially when similarly situated inmates have been released under PC §1172.2." (Id.)

Respondent moves to dismiss Petitioner's claim in Ground Two, arguing that the claim does not present a federal question because it alleges a violation of state law. (ECF No. 4-1 at 9.)  Responded further argues that Petitioner's "mere mention of the Due Process and Equal Protection Clause does not transform this state-law claim into a federal one." (Id. at 9–10.)  Respondent also asserts that this claim does not lie in the core of habeas corpus because success on the claim will not necessarily result in Petitioner's early release. (Id. at 10, 12–13.)  Respondent explains that even when the chief medical

---

[6] The Court starts its analysis with Ground Two, and addresses Grounds One, Three, and Four in the subsequent sections of this Report and Recommendation.

25cv2435-TWR(LR)

executive determines that the statutory medical criteria are met, and the CDCR recommends to the state court that the incarcerated person's sentence be recalled, "how the state court might rule in [Petitioner's] case—when he is only several years into his 22-year sentence for continuous sexual abuse and lewd and lascivious acts on a child under 14 years old—is entirely speculative." (Id. at 12 (citing Cal. Pen. Code § 1172.2).)

Petitioner claims in his Opposition that his Petition presents a federal question under 18 U.S.C. § 3582(c)(1)(A). (See ECF No. 6 at 2.) Petitioner also alleges that his Petition is grounded in federal law because "federal law and federal precedent must take precedence over California Penal Code §§ 1172.2(b)(1) and (b)(2)." (Id. at 1.) He maintains that "eligibility for compassionate relief is determined by extraordinary and compelling circumstances, subject only to the Court's assessment of whether [he] poses a danger of committing a 'super strike' offense." (Id.) Petitioner further claims that he does not pose such danger because he is not a career criminal, his last offence occurred over twenty years ago in 2002, and he had lived in the community for two decades without supervision and without committing a subsequent offense before his incarceration. (See id. at 1–2.)

A federal habeas court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a) (providing that federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); Wilson v. Corcoran, 16, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023) ("[T]he Ninth Circuit has long held that the writ of habeas corpus is limited to attacks upon the legality or duration of confinement"). Federal habeas corpus relief is not available to correct alleged errors of the state court's application or interpretation of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal quotation marks and citation omitted)

25cv2435-TWR(LR)

("[F]ederal habeas corpus relief does not lie for errors of state law"); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (same; noting that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Burrell v. Lewis, 172 F.3d 875 (9th Cir. 1999) (finding that petitioner's claim challenging the application of California state law was not cognizable in a federal habeas petition).

Petitioner's claim that the CDCR erroneously determined that he did not meet eligibility requirements for compassionate release under California Penal Code section 1172.2, alleges a violation of state, not federal, law. Because habeas review in federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States, Petitioner's claim challenging the state court's application of California statute is not cognizable on federal habeas review. See id.; see also Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting Estelle, 502 U.S. at 67–68) ("[W]e have repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.""); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (providing that a state court's interpretation of state law binds federal court sitting in habeas corpus).

Additionally, although Petitioner alleges that his claim in Ground Two presents a federal question under 18 U.S.C. § 3582(c)(1)(A),[7] which authorizes federal courts to grant compassionate release to *federal* prisoners when "extraordinary and compelling reasons" warrant a reduction in sentence, Petitioner is not a federal inmate serving a

---

[7] Notably, the Petition alleges that the CDCR improperly determined that Petitioner did not meet the California Penal Code section 1172.2 eligibility requirements for referral for compassionate release. (See ECF No. 1 at 8.) In his Opposition, Petitioner cites for the first time 18 U.S.C. § 3582(c)(1)(A), as the ground on which he is allegedly eligible for compassionate release. (See ECF No. 6 at 2.) "In order for the state to be properly advised of additional claims, they should be presented in an amended petition, or . . . in a statement of additional grounds." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). "Habeas claims that are not raised before the district court in the petition are not cognizable on appeal." Id. Even if Petitioner raised the claim invoking 18 U.S.C. § 3582(c)(1)(A) in his Petition, the claim lacks merit because, as analyzed above, this provision does not apply in Petitioner's case.

25cv2435-TWR(LR)

federal sentence. See 18 U.S.C. § 3582(c)(1)(A)(i) (providing, in pertinent part, that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment [if the court finds that] extraordinary and compelling reasons warrant such a reduction"); (see also Lodgment 8 at 1; Lodgment 12 at 1–2). Because Petitioner is serving his sentence in state prison, 18 U.S.C. § 3582(c)(1)(A)(i) does not apply in Petitioner's case. See id.; (see also Lodgment 8 at 1; Lodgment 12 at 1–2).

Further, although Petitioner alleges that the CDCR's finding that he was not eligible for compassionate release under state law violated his due process and equal protection rights under the Fourteenth Amendment, Petitioner cannot create federal jurisdiction by merely citing the federal Constitution. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (concluding that a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process). Petitioner alleges, without providing any facts or explanation, that he was "denied compassionate release without meaningful consideration of his medical vulnerability," and that "[t]his denial violated due process and equal protection under the Fourteenth Amendment, especially when similarly situated inmates have been released under PC §1172.2." (ECF No. 1 at 8.) "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979), and "[a] mere expectation of receiving a benefit is not enough to create a protected liberty interest," Roberts v. Spaulding, 783 F.2d 867, 870–71 (9th Cir. 1986). "In the context of compassionate release, the Ninth Circuit has made it clear there is no constitutional liberty interest at stake; the mere hope of conditional liberty is 'a hope which is not protected by due process.'" Salazar v. von Blanckensee, No. CV-20-00352-TUC-SHR (JR), 2022 WL 17096202, at *5 (D. Ariz. Sept. 30, 2022) (quoting Greenholtz, 442 U.S. at 11; Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990)); see also Thompson v. Pfeiffer, Case No. 3:22-CV-1891 TWR (VET), 2024 WL 5277140, at *6 (S.D. Cal. Nov. 14, 2024) (citation and internal quotation marks omitted) ("[The] fact that

25cv2435-TWR(LR)

[p]etitioner characterizes claims as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim"); Nieber v. Macomber, Case No.: 23-cv-0174-LL-DEB, 2024 WL 3405612, at *3 (S.D. Cal. July 12, 2024) (concluding that petitioner could not "transform a state-law issue into a federal one merely by asserting a violation of due process"; reasoning that "[a]lthough labeled a 'fundamental due process' claim, it is predicated on an alleged error by the state court in interpreting and applying § 1172.6(d)(2) and (d)(3) of the California Penal Code"); Johnson v. Davis, No. CV 14–3056–JVS (MAN), 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014) ("Petitioner's attempt to transform his claim of an alleged misapplication of [California Penal Code] Section 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is unavailing"; noting that "[d]raping this question of state law in the verbiage of due process or equal protection does not render the claim cognizable [on federal habeas review]").

Additionally, Petitioner's compassionate release claim does not lie at the core of habeas corpus because success on the claim would not necessarily result in his immediate or speedier release from confinement. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (providing that federal habeas review is not available when a "claim does not fall within the core of habeas corpus," meaning that petitioner's claim would not result in "immediate or earlier release from confinement"). A mere possibility that success on a claim could lead to a speedier release from custody is not sufficient to invoke federal habeas corpus jurisdiction. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that success on petitioner's claims at issue did not lie at the core of habeas corpus, where the claims would not necessarily spell speedier release, but would only result in renewed consideration of parole applications); Nettles, 830 F.3d at 934–35 (stating that the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole because parole board considers many factors in determining parole eligibility).

25cv2435-TWR(LR)

Pursuant to California Penal Code section 1172.2, an incarcerated individual may be eligible for compassionate release if the individual either has a "serious and advanced illness with an end-of-life trajectory" or is "permanently medically incapacitated." Cal. Pen. Code §§ 1172.2(b)(1), (b)(2).[8] If the chief medical executive, in consultation with other clinical executives, as needed, determines that the statutory medical criteria are met, the CDCR recommends to the state court that the incarcerated person's sentence be recalled. See id. § 1172.2(a). The state court then holds a resentencing hearing,[9] and if the court finds that the individual poses an "unreasonable risk of danger to public safety," the court may deny the individual's release from custody. See id. §1172.2(b).

Even if Petitioner could prevail on this claim, he would only be entitled to a state court resentencing hearing. However, the hearing would not guarantee a reduction in his sentence. Instead, under California Penal Code section 1172.2(b), the state court would consider whether Petitioner poses an "unreasonable risk of danger to public safety."[10] Id. In light of the Petitioner's underlying conviction less than four years ago for one count of continuous sexual conduct with a child under fourteen (in violation of California Penal

---

[8] The statute provides the following medical criteria for compassionate release: (1) "[t]he incarcerated person has a serious and advanced illness with an end-of-life trajectory," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced end-stage dementia"; or (2) "[t]he incarcerated person is permanently medically incapacitated with a medical condition or functional impairment that renders them permanently unable to complete basic activities of daily living, including, but not limited to, bathing, eating, dressing, toileting, transferring, and ambulation, or has progressive end-stage dementia and that incapacitation did not exist at the time of the original sentencing." Cal. Pen. Code §§ 1172.2(b)(1), (b)(2).

[9] The statute also provides that, "[i]f possible, the matter shall be heard before the same judge of the court who sentenced the incarcerated person." Id. §1172.2(i).

[10] "[U]nreasonable risk of danger to public safety" is defined as "unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." Cal. Pen. Code § 1170.18. California Penal Code section 667(e)(2)(C)(iv) applies to individuals who had a prior serious felony conviction for certain violent offenses, including a lewd and lascivious act upon a child under fourteen years old in violation of California Penal Code section 288. See Cal. Pen. Code § 667(e)(2)(C)(iv)(III).

25cv2435-TWR(LR)

Code section 288.5(a)) and eight counts of lewd or lascivious act upon a child under fourteen (in violation of California Penal Code section 288(a)), a state court's ruling favorable to Petitioner is highly speculative.  See id. § 1172.2(b); (see also Lodgment 8 at 1; Lodgment 12 at 1).  Accordingly, success on Petitioner's claim alleging that the CDCR improperly determined that he did not meet the California Penal Code section 1172.2 eligibility requirements for referral for compassionate release would not necessarily result in his immediate or speedier release from custody, and Petitioner therefore failed to state a cognizable claim under § 2254.  See id.; see also Long v. Jaime, Case No. 2:20-cv-01133-FMO-KES, 2020 WL 1318356, at *4 (C.D. Cal. Feb. 13, 2020) (recommending dismissal of the federal habeas petition; noting that even if petitioner were granted federal habeas relief on his claims, "the appropriate relief would merely be an order requiring the state courts to hold a resentencing hearing, which might not necessarily result in a reduced sentence").

Finally, even if federal habeas jurisdiction existed, Petitioner failed to sufficiently plead his claim in Ground Two.  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254.  In support of his due process violation claim, Petitioner merely states that he was "denied compassionate release without meaningful consideration of his medical vulnerability."  (ECF No. 1 at 8.)  Petitioner does not provide any specific facts in his Petition to explain how his due process rights were allegedly violated.  Allegations in a petition that are vague, conclusory, and unsupported by a statement of specific facts, are insufficient to warrant habeas relief.  See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (requiring habeas petitioner to support conclusions with evidence); Degadillo v. Adams, No. 05cv0060, 2008 WL 331396, at *6 (S.D. Cal. Feb. 8, 2008) (finding that petitioner's claim that the state court violated his constitutional due process rights did not comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases, where the petitioner did not explain or elaborate on the claim, and the claim was unsupported by

25cv2435-TWR(LR)

argument or authority).  Further, other than summarily alleging that he is similarly situated to others who were referred for compassionate release, (ECF No. 1 at 8), Petitioner fails to provide any specific facts to substantiate his equal protection violation claim, (see id.).  Petitioner's generalized allegations that his constitutional rights were violated are insufficient to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases.  See Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254; see also Mayle, 545 U.S. at 655 ("[T]he petition is expected to state facts that point to a real possibility of constitutional error."); James, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Given Petitioner's failure to substantiate his claims with supporting facts or evidence, his allegations of violations of due process and equal protection rights are too vague and conclusory, and do not comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases.  See id.

For all the forgoing reasons, the Court **RECOMMENDS** that the District Judge issue an order dismissing Petitioner's claim in Ground Two.

**C.      Grounds One and Four**

In Ground One, Petitioner alleges that the CDCR was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.  (ECF No. 1 at 6.)  In support, Petitioner claims that the "CDCR has failed to provide consistent, adequate care, resulting in deterioration of [his] health," which he asserts "constitutes deliberate indifference."  (Id.)  In Ground Four, Petitioner alleges that the CDCR failed to provide him with adequate medical care in custody.  (Id. at 8.)  Petitioner states that he "suffers from multiple chronic conditions requiring long-term and specialized care, including post-transplant immunosuppressant management pulmonary monitoring, and dietary regulations," and contends that the "CDCR has failed to provide consistent access to transplant specialist, timely medication adjustments, and appropriate diagnostic follow-up."  (Id.)

Respondent argues that Petitioner's claims do not lie at the core of federal habeas corpus because success on those claims will not necessarily result in Petitioner's early

release, and the claims may be brought, if at all, under 42 U.S.C. § 1983.  (See ECF No. 4-1 at 10–13.)  Petitioner alleges in his Opposition that dismissal is not warranted because his Petition "establishes extraordinary and compelling medical circumstances."  (See ECF No. 6 at 2.)

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted).  "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983."  Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal citation and quotation marks omitted); see also Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023) (internal citation and quotation marks omitted) ("[T]he Ninth Circuit has long held that the writ of habeas corpus is limited to attacks upon the legality or duration of confinement and does not cover claims based on allegations that the terms and conditions of . . . incarceration constitute cruel and unusual punishment."); Nettles, 830 F.3d at 927 ("[W]e now adopt the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus."); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Petitioner's claim in Ground One alleging that the CDCR was deliberately indifferent to his serious medical needs, and his claim in Ground Four that the CDCR failed to provide him with adequate medical care, do not challenge the sentence imposed on Petitioner; rather, those claims challenge the conditions of his confinement. Therefore, those claims do not lie at the core of habeas corpus, but those claims could be brought in a civil rights action under 42 U.S.C. § 1983.  See Skinner, 562 U.S. at 535 n.13; Muhammad, 540 U.S. at 750; Nettles, 830 F.3d at 927 Ramirez, 334 F.3d at 859. Although Petitioner appears to be using the claims in Grounds One and Four to support

his argument that he should receive compassionate release, such claims cannot be brought before a federal habeas court. See id.; see also Valles v. Busby, No. CV 14–1360–GAF (JPR), 2014 WL 1614615, at *2–3 (C.D. Cal. Apr. 22, 2014) (recommending dismissal of petitioner's claim that California prison system's overcrowding constituted cruel and unusual punishment in violation of Eighth Amendment; noting that petitioner "use[d] the claim merely as a vehicle to support his argument that he should receive compassionate or other medically based release," and that "such claim must be directed elsewhere . . . not to a federal habeas court").

Additionally, Petitioner's claims in Grounds One and Four do not provide sufficient facts to support each cognizable ground for habeas relief. See Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254; see also 28 U.S.C. § 2254(d). Petitioner's conclusory and unsupported allegations do not comply with the pleading requirements specified in Rule 2(c) of the Rules Governing Habeas Corpus Cases. See Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254 (requiring the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); James, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); McFarland, 512 U.S. at 856 ("Habeas corpus petitions must meet heightened pleading requirements[.]").

Accordingly, Petitioner's claims in Ground One and Ground Four are not cognizable on habeas review and could be brought in a civil rights action, rather than in a habeas petition. The Court therefore **RECOMMENDS** that the District Judge issue an order dismissing Petitioner's claims in Ground One and Ground Four.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25cv2435-TWR(LR)

**D.      Ground Three**

Petitioner labels his claim in Ground Three as "Supremacy Clause–Federal Authority to Override State Denial."  (ECF No. 1 at 9.)  In a three-sentence statement of supporting facts, Petitioner alleges the following: "Federal courts may intervene when state remedies are inadequate or futile.  Petitioner has exhausted all state remedies are [sic] inadequate or futile.  Petitioner has exhausted all state remedies."  (Id.)

Respondent interprets Petitioner's claim in Ground Three as a claim alleging that Petitioner exhausted his state remedies.  (ECF No. 4-1 at 6 n.1.)  Respondent states that he "is not raising exhaustion as a reason to dismiss the Petition," and that because Petitioner's exhaustion argument "is an argument for why the Petition should not be denied on procedural grounds and not a substantive claim, Respondent does not address Ground 3."  (Id.)

In his Opposition, in a section titled "Federal Jurisdiction and Supremacy Clause," Petitioner argues that his Petition is grounded in federal law governing compassionate release, and that "federal law and federal precedent must take precedence over California Penal Code §§ 1172.2(b)(1) and (b)(2)."  (ECF No. 6 at 1.)  He claims that federal habeas court is therefore "the proper forum for adjudication."  (Id.)

The Court will initially address Petitioner's claim that he exhausted state court remedies.  (See ECF No. 1 at 9.)  A federal court may not address a petition for writ of habeas corpus unless petitioner has exhausted state remedies with respect to each of the issue(s) presented.  28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.").  To satisfy the exhaustion requirement, petitioner must "fairly present" his federal claim to the highest state court with jurisdiction to consider the claim, or demonstrate that there

19

are no available state remedies.  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983)).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court either on direct appeal or through state collateral review proceedings.  See 28 U.S.C. §§ 2254(b), (c); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  See Rose v. Lundy, 455 U.S. 509, 510 (1982); Raspberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006).

To the extent Petitioner is arguing that he exhausted his state court remedies, as Respondent correctly notes, such argument is *procedural* and does not provide a separate ground for relief.  (See ECF No. 1 at 9; ECF No. 4-1 at 6 n.1; ECF No. 6 at 1.) Additionally, Petitioner's habeas filings in state court demonstrate that he presented to the California Supreme Court the claims he is asserting in Grounds One, Two and Four of his federal Petition, thereby satisfying exhaustion requirement.  (See ECF No. 1; see also Lodgments 9, 10.)

Further, to the extent Petitioner argues that "federal law and federal precedent must take precedence over California Penal Code §§ 1172.2(b)(1) and (b)(2)," (see ECF No. 6 at 1), the Court has already addressed Petitioner's compassionate release claim raised in Ground Two and concluded that this claim does not lie at the core of habeas corpus because it would not necessarily lead to Petitioner's immediate or earlier release from confinement.  See Section III.B; see also Nettles, 830 F.3d at 935 (providing that federal habeas review is not available when a "claim does not fall with the core of habeas corpus," meaning that petitioner's claim would not result in "immediate or earlier release from confinement").  Additionally, although federal law authorizes federal courts to grant compassionate release to *federal* prisoners when "extraordinary and compelling reasons" warrant a reduction in sentence, see 18 U.S.C. § 3582(c)(1)(A)(i), Petitioner is not a federal inmate serving a federal sentence and that provision does not apply to state

25cv2435-TWR(LR)

prisoners.  Finally, as discussed in detail above, even if federal habeas jurisdiction existed, Petitioner failed to sufficiently plead this claim, as required by Rule 2(c) of the Rules Governing Habeas Corpus Cases.  See Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254; James, 24 F.3d at 26 (providing that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").  Accordingly, the Court **RECOMMENDS** that the District Judge issue an order dismissing Petitioner's claim in Ground Three.

**E.      Conclusion**

The Court has liberally construed Petitioner's claims and finds that the Petition does not seek relief that would necessarily provide for Petitioner's immediate or speedy release from custody and does not state claims cognizable in federal court.  The Court further finds that Petitioner's claims do not comply with the pleading requirements outlined in Rule 2(c) of the Rules Governing Habeas Corpus Cases.  The Court therefore **RECOMMENDS** that the District Judge grant Respondent's Motion to Dismiss the Petition.

**IV.  CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Respondent's Motion to Dismiss.

**IT IS ORDERED** that no later than **June 22, 2026**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25cv2435-TWR(LR)

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 29, 2026**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:  May 21, 2026

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

25cv2435-TWR(LR)