UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENNETH JAMES LUDWIG,
Petitioner,

v.

JAMES HILL,
Respondent.

Case No.: 25-CV-2435-TWR (LR)

**ORDER (1) OVERRULING PETITIONER'S OBJECTION, (2) ADOPTING REPORT AND RECOMMENDATION, (3) GRANTING RESPONDENT'S MOTION TO DISMISS, (4) DENYING PETITION, AND (5) DENYING CERTIFICATE OF APPEALABILITY**

(ECF Nos. 4, 9)

Presently before the Court is Respondent James Hill's Motion to Dismiss ("Mot.," ECF No. 4) Petitioner Kenneth James Ludwig's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Honorable Lupe Rodriguez, Jr. issued a Report and Recommendation regarding Respondent's Motion to Dismiss ("R&R," ECF No. 9), recommending that the Court grant Respondent's Motion, to which Petitioner has filed a timely Objection ("Obj.," ECF No. 10). Having carefully reviewed the Parties' arguments, the record, and the relevant law, the Court **ADOPTS** Magistrate Judge Rodriguez, Jr.'s

/ / /

Report and Recommendation in its entirety, **GRANTS** Respondent's Motion, **DENIES** the Petition, and **DENIES** Petitioner a Certificate of Appealability.

## BACKGROUND

Magistrate Judge Rodriguez, Jr.'s Report and Recommendation contains a thorough and accurate recitation of the factual and procedural history underlying Respondent's Motion. (*See* R&R at 2–7.) This Order incorporates by reference set forth therein.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## ANALYSIS

To begin, Magistrate Judge Rodriguez, Jr. recommends dismissing all claims in the Petition because Petitioner's claims do not raise a federal issue. (*See* R&R at 9–16.) Petitioner objects arguing that the R&R "improperly reframes" his claims as state-law disputes, "ignoring their federal nature." (Obj. at 1–2.) Petitioner's objection is improper because, as Magistrate Judge Rodriguez, Jr. stated, Petitioner "cannot create federal jurisdiction simply by citing the federal Constitution." (R&R at 12–13 (collecting cases).)

Next, Magistrate Judge Rodriguez, Jr. recommends dismissing all claims because none lie at the core of federal habeas corpus. (*See* R&R at 16–18.) Petitioner objects arguing that Magistrate Judge Rodriguez, Jr.'s conclusion is legally incorrect. (Obj. at 2.) In support of this objection, Petitioner raises three specific grounds:

First, Petitioner contends that success would accelerate release by compelling a resentencing hearing, which "directly affects the duration of [his] custody." (*Id.* (citing *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004)).) But the authority Petitioner relies on was expressly overruled by the Ninth Circuit, which in 2016 adopted "the correlative rule

that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Thus, Petitioner's first ground fails.

Second, Petitioner contends Magistrate Judge Rodriguez, Jr. applied the incorrect standard of whether release is guaranteed, when the correct standard is "whether success would necessarily accelerate consideration of release[.]" (Obj. at 2 (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)).) But the authority Petitioner cites explains that "[h]abeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement. Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner*, 562 U.S. at 525 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Thus, Petitioner's second ground fails.

Third, Petitioner contends Magistrate Judge Rodriguez, Jr. ignores the Mixed-Claim Doctrine by recommending dismissal of the entire Petition rather than severing or converting the non-habeas portions. (*See* Obj. at 2 (citing *Nettles*, 830 F.3d).) But Petitioner misstates the rule. As the Ninth Circuit held in *Nettles*, "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining the informed consent from the prisoner." 830 F.3d at 936 (adopting Seventh Circuit rule holding the same). But conversion of the petition requires that the complaint be "amenable on its face" to conversion, meaning "it names the correct defendants and seeks the correct relief." *See id.* (citing *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (additional citations omitted).

Problematically for Petitioner, his Petition is not amenable on its face to conversion. To begin, Petitioner names James Hill, Warden of the Richard J. Donovan Correctional Facility, as the Respondent. (*See* ECF No. 1.) While naming the individual responsible for Petitioner's confinement is proper in a habeas corpus action under 28 U.S.C. § 2254, in contrast, when proceeding under Section 1983, plaintiffs must name the individual responsible for the wrongs alleged (*e.g.*, the doctors, guards, or others responsible for the harm). *See Glaus*, 408 F.3d at 388; *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

1988) (explaining, in a Section 1983 action, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). Additionally, converting the Petition to a § 1983 action could negatively impact Petitioner because § 1983 claims are subject to different exhaustion requirements (*i.e.*, failure to properly allege exhaustion may result in dismissal), *see Nettles*, 830 F.3d at 932 n.8, and § 1983 claims are subject to the Prison Litigation Reform Act's ("PLRA's") three-strikes rule, *see Coleman v. Tollefson*, 575 U.S. 532–37 (2015). Accordingly, the Court declines to convert the Petition.

Magistrate Judge Rodriguez, Jr. further recommends dismissing all claims because, even if federal habeas jurisdiction existed, Petitioner's claims are "impermissibly vague and conclusory" and thus violate Rule 2(c) of the Rules Governing Habeas Corpus Cases.[1] (*See* R&R at 18.) Petitioner objects and argues that Magistrate Judge Rodriguez, Jr. failed to apply the required liberal construction of pro se habeas petitions. (*See* Obj. at 2 (first citing *Erickson v. Pardus*, 551 U.S. 89 (2007), and then citing *Haines v. Kerner*, 404 U.S. 519 (1972)).) But the authorities Petitioner relies on both concern the pleading standards for a pro se litigant who seeks relief pursuant to a civil action under Section 1983—not habeas relief. *See Erickson*, 551 U.S. at 94–95; *Haines*, 404 U.S. at 520–21; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (explaining "[h]abeas corpus petitions must meet heightened pleading requirements" and "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face) (citing 28 U.S.C. § 2254 Rules 2(c), 4). Therefore, as explained by Magistrate Judge Rodriguez, Jr.,

/ / /

---

[1] Rule 2(c) of the Rules Governing Habeas Corpus Cases provides that a petition filed pursuant to 28 U.S.C. § 2254 must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner's claims "do not provide sufficient facts to support each cognizable ground for habeas relief." (R&R at 18 (citations omitted).)

Additionally, Magistrate Judge Rodriguez, Jr. recommends dismissing all claims because "although federal law authorizes federal courts to grant compassionate release to federal prisoners when 'extraordinary and compelling reasons' warrant a reduction in sentence, . . . Petitioner is not a federal inmate serving a federal sentence and that provision does not apply to state prisoners." (R&R at 20–21 (citing 18 U.S.C. § 3582(c)(1)(A)(i)).) Petitioner objects and argues that Magistrate Judge Rodriguez, Jr. (1) misunderstands California Penal Code § 1172.2 as discretionary when it contains "mandatory procedural protections," (2) misinterprets Petitioner's Supremacy Clause claim as arguing that 18 U.S.C. § 3582(c)(1)(A) applies to state prisoners when he instead argues that "California's implementation of § 1172.2 violated federal constitutional protections," and (3) misapplies *Estelle v. McGuire*, 502 U.S. 62 (1991), as standing for the proposition that federal courts cannot review state-law errors when it "explicitly permits federal review where state procedures violate federal constitutional rights." (Obj. at 2–3.)

First, as to Petitioner's argument regarding California Penal Code § 1172.2, Magistrate Judge Rodriguez, Jr. explained that "Petitioner's claim that the [California Department of Corrections and Rehabilitation ("CDCR")] erroneously determined that he did not meet eligibility requires for compassion release under [§ 1172.2] alleges a violation of state, not federal, law." (R&R at 11.) The Court agrees. *See Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). The Court additionally rejects Petitioner's argument that Magistrate Judge Rodriguez, Jr. misapplied *Estelle*. (*See* R&R at 12–13 (collecting cases standing for the proposition that there is no constitutional liberty interest at stake in the context of compassionate release).) Moreover, *Estelle* and the other cases cited by Magistrate Judge Rodriguez, Jr. defeat Petitioner's argument that California's

implementation of § 1172.2 violated his constitutional rights. *See, e.g.*, *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Roberts v. Spaulding*, 783 F.2d 867, 870–71 (9th Cir. 1986) ("A mere expectation of receiving a benefit is not enough to create a protected liberty interest."); *Salazar v. von Blanckensee*, No. CV-20-00352-TUC-SHR (JR), 2022 WL 17096202, at *5 (D. Ariz. Sept. 30, 2022) ("In the context of compassionate release, the Ninth Circuit has made it clear there is no constitutional liberty interest at stake; the mere hope of conditional liberty is 'a hope which is not protected by due process.'") (citations omitted).

Finally, Petitioner's Objection raises two additional grounds. First, he argues that Magistrate Judge Rodriguez, Jr. misapplied Equal Protection standards because, at the pleading stage, Petitioner's allegation that similarly situated inmates were referred for compassionate release is satisfactory to state a claim. (*See* Obj. at 3 (citation omitted).) But again, there is no constitutional right to conditionally released before the expiration of a valid sentence. *See Greenholtz*, 442 U.S. at 7. Thus, regardless of whether Petitioner sufficiently plead that he is similarly situated to other inmates who were referred for compassionate release, his argument fails. Second, Petitioner argues that Magistrate Judge Rodriguez, Jr. improperly weighed evidence and made factual findings by opining that a favorable ruling from a state court is "highly speculative" considering the nature of Petitioner's convictions. (Obj. at 3.) Regardless of how speculative Magistrate Judge Rodriguez, Jr. believes such a ruling may be, the fact that Petitioner alleges only a violation of state law is what ultimately dooms his claim. *See Estelle*, 502 U.S. at 67–68.

Having reviewed the R&R in its entirety, the Court finds that it is thorough, well-reasoned, and contains no clear error. The Court therefore **OVERRULES** Petitioner's Objection, **ADOPTS** Judge Rodriguez, Jr.'s Report and Recommendation in its entirety, and **DENIES** the Petition.

/ / /

/ / /

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" except where "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief. Thus, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a Certificate of Appealability.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Rodriguez, Jr.'s Report and Recommendation in its entirety, **GRANTS** Respondent's Motion, **DENIES** the Petition, and **DENIES** Petitioner a Certificate of Appealability. The Court does so, however, without making a decision on the ultimate merits of the case and without precluding Petitioner from refiling under the proper legal label. *See Glaus*, 408 F.3d at 389–90.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Todd W. Robinson
United States District Judge